IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DECARLOS SCOTT, # M-34683,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-681-JPG |
| | ) |
| **VIENNA CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving an eight-year sentence for armed robbery. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking redress for violations of his rights which he claims have occurred during his confinement at Vienna.

Plaintiff states that he was sent to Vienna on February 20, 2013, where he is housed in Building 19. He begins his statement of claim with a string of legalese and nonsensical statements that appear to be copied from other prisoner complaints filed recently in this Court. However, he also alleges that his housing unit has pipes above his head that contain asbestos, provides only three toilets for 104 inmates, has black mold in the showers, has water leaks in the restroom ceiling, and has malfunctioning toilets that splash water out of the bowl onto him when flushed (Doc. 1, p. 5). There is mold in the living quarters, which is also infested with spiders and bugs which bite Plaintiff daily, and mice and rats which eat his food and destroy his property.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Although Plaintiff's statement of claim contains sufficient facts to indicate that the conditions of his confinement may violate Eighth Amendment standards, it does not survive § 1915A review. The only named Defendant, "Vienna Correctional Center," is not an entity subject to being sued in a civil rights claim. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

The complaint does not indicate how any specific person (*e.g.*, an individual correctional officer to whom Plaintiff complained about the conditions) is responsible for any alleged violations of Plaintiff's constitutional rights. This is necessary in order to state an actionable claim, and to give a defendant adequate notice of the claims against him so that he may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. P. 8(a)(2).

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. However, rather than dismiss the entire action, the Court shall allow Plaintiff

one opportunity to submit an amended complaint in order to correct the deficiency in his pleading, as detailed below.  In preparing the amended complaint, Plaintiff is advised to name as Defendant(s) only the prison employees who were directly, personally responsible for the alleged constitutional violation(s).  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

In addition, Plaintiff should take note that a prisoner is required to exhaust his available administrative remedies before bringing a § 1983 claim in federal court.  *See* 42 U.S.C. § 1997e(a).  Plaintiff's statement that he has not availed himself of the prisoner grievance procedure indicates that his filing of this action may have been premature (Doc. 1, p. 4).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **September 10, 2013**).  The amended complaint shall identify the individual Defendant(s) responsible for the alleged unconstitutional conditions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint may result in the dismissal of

this action with prejudice.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2013**

s/ J. PHIL GILBERT
United States District Judge